# Court of Appeals
# of the State of Georgia

ATLANTA,  July 23, 2026

*The Court of Appeals hereby passes the following order:*

**A26A2455. INDIE HOLDINGS, INC. v. CANDACE G. SPENCER.**

Indie Holdings, Inc. sought to garnish Candace Spencer's wages to satisfy a 2007 judgment. The superior court granted Spencer's claim of exemption, finding that the debt had been discharged in bankruptcy. Indie filed both a discretionary application and a notice of appeal. We denied the discretionary application on the merits. Case No. A26D0555 (Jun. 17, 2026). This is the direct appeal. We, however, lack jurisdiction for two reasons.

First, Indie is not entitled to a direct appeal. Appeals in cases involving garnishment must be initiated by an application for discretionary appeal, subject to exceptions not applicable here. See OCGA § 5-6-35(a)(4), (b); *Maloy v. Ewing*, 226 Ga. App. 490, 491 (486 SE2d 708) (1997).

Second, this Court's denial of Indie's application for discretionary appeal was a decision on the merits. See *Elrod v. Sunflower Meadows Dev., LLC*, 322 Ga. App. 666, 670(4) (745 SE2d 846) (2013) ("[W]hen this Court examines a request for a discretionary appeal, it acts in an error-correcting mode such that a denial of the application is on the merits, and the order denying the application is res judicata with respect to the substance of the requested review."). Thus, Indie has no right to a direct appeal from the same order. See *Northwest Social & Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003) (punctuation omitted); see also *Hook v. Bergen*, 286 Ga. App. 258, 261(1) (649 SE2d 313) (2007) (holding that party was estopped from seeking further judicial review of same order when discretionary application had been denied).

For these reasons, we lack jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 07/23/2026

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*